IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JUAN CARLOS PEREZ** and **MARIA LOPEZ MARTINEZ,** Plaintiffs, v. **BANCO POPULAR NORTH AMERICA**, Defendant. | § § § § § § § § § § | Civil Action No. **3:12-CV-140-L** |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion for Summary Judgment, filed July 11, 2012; Plaintiffs' Motion to Dismiss Complaint [sic]* Without Prejudice, filed September 20, 2012; and Defendant's Motion to Extend Deadline for Completion of Mediation, filed October 10, 2012. After carefully reviewing the motions, briefs, record, and applicable law, the court **denies** Defendant's Motion for Summary Judgment, **grants** Plaintiffs' Motion to Dismiss Complaint [sic] Without Prejudice, and **denies as moot** Defendant's Motion to Extend Deadline for Completion of Mediation.

### I.   Factual and Procedural Background

Juan Carlos Perez and Maria Lopez Martinez ("Plaintiffs") originally filed this action against Banco Popular North America ("BPNA" or "Defendant") on January 3, 2012, in the 162nd Judicial District Court of Dallas County, Texas. Plaintiffs assert various causes of action against Defendants arising out of the foreclosure of the property owned by Plaintiffs at 423 Leslie Lane in Irving, Texas

---

* Although Plaintiffs use the term "complaint," the correct appellation is "petition," as this action was removed from state court, and Plaintiffs have not amended their original pleading.

**Memorandum Opinion and Order - Page 1**

(the "Property"). Plaintiffs allege claims for breach of contract and wrongful acceleration through breach of contract, violations of the Texas Property Code, and violations of the Texas Deceptive Trade Practices Act. They seek declaratory and injunctive relief, economic damages, including treble and/or exemplary damages, attorneys' fees and costs of court. On January 13, 2012, Defendant removed the action to federal court on the basis of diversity jurisdiction. Defendant moved for summary judgment. Plaintiffs filed no response to the summary judgment motion and subsequently moved to dismiss the "Complaint" without prejudice.

Plaintiffs purchased the Property on January 29, 2007. In connection with their purchase, Plaintiffs executed a promissory note to BPNA in the amount of $85,000, secured by a deed of trust. Plaintiffs made all payments due under the loan until early summer 2011. Plaintiffs contend that in October 2011, BPNA agreed to a loan modification but later reneged and posted the Property for foreclosure sale. BPNA denies entering into a loan modification agreement with Plaintiffs and contends that the documentation Plaintiffs attached to their "Complaint" as evidence of such an agreement is fraudulent.

## II.     Plaintiffs' Motion to Dismiss Complaint [sic] Without Prejudice

### A.     Contentions of Parties

Plaintiffs move to dismiss because they no longer have an attorney and, as nonlawyers, are not capable of filing a response to Defendant's motion for summary judgment. Pl.'s Mot. to Dismiss Compl. Without Prejudice 1. Plaintiffs request that the court dismiss the case without prejudice. Defendant opposes the motion. In Defendant's response to the Plaintiff's motion to dismiss, it contends that because of the "undue expense of the possibility of relitigation" and because Plaintiffs have "had substantial time to retain new counsel," dismissal without prejudice would be improper.

**Memorandum Opinion and Order - Page 2**

Def.'s Response to Pl.'s Mot. to Dismiss Compl. Without Prejudice 2. Alternatively, Defendant argues that because of Plaintiffs' failure to provide a justifiable explanation as to why dismissal without prejudice would be appropriate and because of the pending motion for summary judgment, the court should dismiss Plaintiff's case with prejudice. *Id.* at 3.

B.    **Standard for Voluntary Dismissal**

Plaintiffs' motion to dismiss is governed by Federal Rule of Civil Procedure 41(a)(2). As BPNA has filed an answer and motion for summary judgment, and has not stipulated to the dismissal of the action, this "action may be dismissed at the Plaintiff's request only by court order, on terms that the court considers proper." *Id.* Ordinarily, a motion for voluntary dismissal "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) (citation omitted). Rule 41(a)(2) evinces a preference for dismissal without prejudice, as it provides, "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Legal prejudice will exist when an affirmative defense would be lost. *Elbaor*, 279 F.3d at 318. Legal prejudice may also exist if the nonmovant could lose a *forum non conveniens* defense. *Ikospentakis v. Thalassic S. S. Agency*, 915 F.2d 176, 179 (5th Cir. 1990). Finally, legal prejudice may exist if "a plaintiff fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort." *Davis v. Huskipower Outdoor Equip. Co.*, 936 F.2d 193, 199 (5th Cir. 1991). Whether legal prejudice exists under these circumstances is a determination to be made by the court using its sound discretion. If the court determines that legal prejudice exists, it may "refuse to grant a voluntary dismissal." *Id.* (citations omitted). "[T]he mere prospect of a second lawsuit is not

enough prejudice to a defendant to warrant denial of a motion to dismiss without prejudice." *United States ex rel. Doe v. Dow Chemical Co.*, 343 F.3d 325, 330 (5th Cir. 2003).

### C.   Discussion

The court fully recognizes that Defendant incurred some costs and expended time in preparing the motion for summary judgment; however, the court also recognizes that Plaintiffs do not have a lawyer and, as pro se plaintiffs, they do not have the skill or training necessary to represent themselves. Although Defendants state that Plaintiffs have had ample time to retain new counsel, obtaining counsel for representation in these type of cases is not always a task that can be readily accomplished. The court makes this observation because in its review of such cases, plaintiffs as a class have not fared well, and lawyers who might be inclined to represent plaintiffs are aware of the hurdles that they must overcome to be successful. As a result, lawyers are at times reluctant to undertake cases of this nature.

Defendant raises the issue of possible relitigation of the matter if it is dismissed without prejudice; however, this alone is insufficient to warrant the denial of a motion to dismiss without prejudice. *Id.* Defendants have incurred costs by litigating this matter in federal court, and Plaintiffs now seek a voluntary dismissal without prejudice. The court believes a fair balance is to have Plaintiffs pay Defendant's reasonable costs of court.

The court also addresses Defendant's assertions that because it has "expended considerable time and expense preparing" the motion for summary judgment, dismissal of the lawsuit should be with prejudice. The court has not yet examined the merits of the motion for summary judgment but notes that even though Plaintiffs have not responded to the motion for summary judgment, the court may not enter a summary judgment by default. *Hibernia Nat'l Bank v. Administracion Cent.*

*Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). Moreover, that Defendants have a pending motion for summary judgment does not entitle them to dismissal with prejudice. The motion would still have to be considered by the court on the merits. Upon examination of the motion, the court could conclude that a genuine dispute of material fact exists and deny the motion. Accordingly, Defendant would have still expended the time and resources in preparing the motion. Further, if the court were to rule against Defendant and hold that a genuine dispute of material fact exists, the case would have to proceed to trial, unless resolved by the parties.

The court determines that BPNA suffers no legal prejudice by the voluntary dismissal of this action. Moreover, if any legal prejudice is present, it is minimal and is cured by the court requiring Plaintiffs to pay reasonable costs of court.

### III. Conclusion

For the reasons herein stated, the court **denies** Defendant's Motion for Summary Judgment, **grants** Plaintiffs' Motion to Dismiss Complaint [sic] Without Prejudice, **denies as moot** Defendant's Motion to Extend Deadline for Completion of Mediation, and **dismisses** this action **without prejudice**. The court, for the reasons previously stated, **orders** Plaintiffs to pay Defendant's reasonable costs of court. Costs of court do not include payment of attorney's fees.

**It is so ordered** this 15th day of November, 2012.

Sam A. Lindsay
United States District Judge